**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**KENNETH G. STEEPROW,**
      **Plaintiff,**

**-vs-**                                                  **Case No.  6:06-cv-1369-Orl-19UAM**

**INTERNAL REVENUE SERVICE,**
**COMMISSIONER OF SOCIAL SECURITY,**
**GERALD JOSEPH HIRT,**
      **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      Plaintiff Kenneth G. Steeprow ["Steeprow" or "Plaintiff"] appeals to the district court from a final decision of the Commissioner of Social Security [the "Commissioner"] denying his application for disability benefits. *See* Doc. Nos. 1, 9.  The Court has considered the record and the briefs filed by the parties and finds that oral argument is unnecessary.  For the reasons set forth below, it is recommended that the Commissioner's decision be **AFFIRMED**.

**I.**      **PROCEDURAL HISTORY**

      On October 9, 2001, Steeprow filed a request to be selected as payee of social security benefits for Ashley Cherry-Steeprow (his adopted daughter), an application for child's insurance benefits, and an application for disability insurance benefits, claiming disability as of October 3, 2000. Doc. No. 1-2 at 1-12.  His claim for disability benefits was denied initially and upon reconsideration.  On October 14, 2005, the Honorable Franklin D. Holder, Administrative Law Judge ["ALJ"], held a hearing on Plaintiff's claim in Viera, Florida.  Doc. No. 1-4 at 6-11.

On February 21, 2006, the ALJ issued a decision that Steeprow was not entitled to a period of disability or Disability Insurance Benefits. The ALJ found Steeprow was fully insured for disability benefits, and he had thirty-nine (39) quarters of coverage between 1961 and 2000. Doc. No. 1-4 at 11, Finding 1. The ALJ also found that Steeprow had eighteen (18) quarters of coverage in the forty (40) calendar quarter period ending with the calendar quarter Steeprow alleged he became disabled (January 1, 1991 through December 31, 2000). *Id* at Finding 2. The ALJ further found Steeprow's statements concerning his work activity with The Roofing Company were partially credible. *Id.* at Finding 3. The ALJ concluded Steeprow was not insured for disability benefits; and, therefore, he did not meet the nondisability requirements set forth in the Social Security Act. *Id.* at Finding 4.

After considering additional correspondence presented by Steeprow, the Appeals Council denied review. Doc. No. 1-4 at 14. On September 12, 2006, Steeprow timely appealed the Appeals Council's decision to the United States District Court. Doc. No. 1. On June 18, 2007, Steeprow filed in this Court a memorandum of law in support of his appeal. Doc. No. 26. On August 17, 2007, the Commissioner filed a memorandum in support of his decision that Steeprow did not qualify for entitlement to disability insurance benefits. Doc. No. 27. The appeal is ripe for determination.

## II.     THE PARTIES' POSITIONS

Steeprow asserts that the Commissioner's basis for rejecting his application for disability benefits is two-fold: (1) Steeprow did not have the proper amount of insured quarters under the 20/40 requirement of the act and (2) the year 2001 was a "close-out" period. Doc. No. 26 at 2. Steeprow argues that the

Commissioner's holding is inaccurate on both aspects.[1] Steeprow references "subsection 602," pursuant to which he claims "credited quarters should have included the year 2001, the year of his 62nd birthday, (December 17) through the month of his birthday, and the period just prior to Plaintiff's initial disability application dated November 12, 2001." *Id.*  Secondly, Steeprow alleges the year 2001, pursuant to "subsection 508," is not a closed out period. *Id.*  Steeprow also contends that the Commissioner is misleading this Court by referencing an incomplete application. *Id.*

The Commissioner argues that substantial evidence supports his decision that Steeprow did not meet the insured status requirements of the Social Security Act. Doc. No. 27 at 4. The Commissioner maintains that Steeprow's reading of the applicable sections of the Act is incorrect and the ALJ's decision was based on their proper application. *Id.* at 5.

## III.   THE STANDARD OF REVIEW

### A.   AFFIRMANCE

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), *citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord*, *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

---

[1] Plaintiff's memorandum in support of the appeal is confusing. He references several "subsections" which are not understood by the Court as to what code of law the Plaintiff is interpreting, such as, he references subsections 506, 602, 604, 605.3, and 605.4. The Court therefore addresses below only what the Court was able to discern as Plaintiff's main arguments.

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord*, *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).

### B. REVERSAL

Congress has empowered the district court to reverse the decision of the Commissioner without remanding the cause. 42 U.S.C. § 405(g)(Sentence Four). The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Serv.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *accord, Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). This Court may reverse the decision of the Commissioner and order an award of disability benefits where the Commissioner has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt. *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993); *accord*, *Bowen v. Heckler*, 748 F.2d 629, 631, 636 - 37 (11th Cir. 1984). A claimant may be entitled to an immediate award of benefits where the claimant has suffered an injustice, *Walden v. Schweiker*, 672 F.2d 835, 840 (11th Cir. 1982), or where the ALJ has erred and the

record lacks substantial evidence supporting the conclusion of no disability, *Spencer v. Heckler*, 765 F.2d 1090, 1094 (11th Cir. 1985).

### C. REMAND

The district court may remand a case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405(g); under sentence six of 42 U.S.C. § 405(g); or under both sentences. *Jackson v. Chater*, 99 F.3d 1086, 1089 - 92, 1095, 1098 (11th Cir. 1996). To remand under sentence four, the district court must either find that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim. *Jackson*, 99 F.3d at 1090 - 91 (remand appropriate where ALJ failed to develop a full and fair record of claimant's residual functional capacity); *accord, Brenem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980) (remand appropriate where record was insufficient to affirm, but also was insufficient for district court to find claimant disabled).

Where the district court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow the Commissioner to explain the basis for his decision. *Falcon v. Heckler*, 732 F.2d 872, 829 - 30 (11th Cir. 1984) (remand was appropriate to allow ALJ to explain his basis for determining that claimant's depression did not significantly affect her ability to work) (treating psychologist acknowledged that claimant had improved in response to treatment and could work in a supportive, non-competitive, tailor-made work environment). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (necessary for ALJ on remand to consider psychiatric report tendered to Appeals Council); *Reeves v. Heckler*, 734 F.2d 519, 522 n.1 (11th Cir. 1984) (ALJ should consider on remand the need for orthopedic evaluation). After a sentence-four remand, the district court enters

a final and appealable judgment immediately, and then loses jurisdiction. *Jackson*, 99 F.3d at 1089, 1095.

In contrast, sentence six of 42 U.S.C. § 405(g) provides:

> The court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding;

42 U.S.C. § 405(g). To remand under sentence six, the claimant must establish: 1.) that there is new, non-cumulative evidence; 2.) that the evidence is material — relevant and probative so that there is a reasonable possibility that it would change the administrative result; and 3.) there is good cause for failure to submit the evidence at the administrative level. *See Jackson*, 99 F.3d at 1090 - 92; *Cannon v. Bowen*, 858 F.2d 1541, 1546 (11th Cir. 1988); *Smith v. Bowen*, 792 F.2d 1547, 1550 (11th Cir. 1986); *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986); *see also*, *Keeton v. Dept. of Health & Human Serv.*, 21 F.3d 1064, 1068 (11th Cir. 1994).

A sentence-six remand may be warranted even in the absence of an error by the Commissioner if new, material evidence becomes available to the claimant. *Jackson*, 99 F.3d at 1095. With a sentence-six remand, the parties must return to the district court after remand to file modified findings of fact. *Jackson*, 99 F.3d at 1095. The district court retains jurisdiction pending remand, and does not enter a final judgment until after the completion of remand proceedings.[2] *Id.*

---

[2] The time for filing an application for attorneys fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ["EAJA"] differs in remands under sentence four and sentence six. *Jackson*, 99 F.3d at 1089, 1095 n.4 and surrounding text. In a sentence-four remand, the EAJA application must be filed after the entry of judgment before the district court loses jurisdiction. *Id.* In a sentence-six remand, the time runs from the post-remand entry-of-judgment date in the district court. *Id.* Any Plaintiff intending to seek attorney's fees for past-due benefits under 42 U.S.C. § 406 (b)(1)(A) shall move the Court to include in any remand order an extension of the 14-day period described in Fed. R. Civ. P. 54 (d)(2)(B) so as to specify an extended deadline that follows the Commissioner's determination of Plaintiff's past-due benefits. *Bergen v. Comm'r of Soc. Sec.*, 454 F. 3d 1273, 1278 n.2 (11th Cir. 2006).

**IV.   APPLICATION AND ANALYSIS**

   **A.     THE FACTS**

The relevant facts to the issue are few and they are mostly undisputed.  Steeprow was born on December 17, 1939.  Doc. No. 1-2 at 10.  He contends he became disabled on October 3, 2000. *Id.* Steeprow's exhibits indicate he made a claim for Social Security Benefits on October 9, 2001; however, he asserts in conflicting pleadings his application was submitted on November 12, 2001. *See* Doc. No. 1-2 at 10 and Doc. No. 9 at 4.  The Defendant's brief indicates his application was filed on April 20, 2004.  Doc. No. 27 at 1.  Nevertheless, Steeprow's application was denied. *Id.*  He qualified as fully insured for Disability Insurance Benefits as he had a total of one hundred and three (103) quarters of coverage when he only needed thirty-nine (39) Social Security credits.[3]  Doc. No. 1-3 at 11.  However, he also needed twenty (20) quarters of coverage in the forty (40) quarter period ending with the quarter his disability began (October of 2000). *Id.*  Steeprow only had eighteen (18) quarters of coverage during the period of January 1, 1991 through December 31, 2000. *Id.*

Steeprow asserts he was employed by Gerald Hirt/The Roofing Company [herein collectively referred to as "Hirt"] in 1994 and again in 1996 through 2000. Steeprow alleges he worked part time for Hirt in 1994, making enough earnings for full credit of four (4) points for Social Security Benefits, and he worked full time for Hirt beginning in May of 1996.  Doc. No. 27 at 2.  Steeprow claims Hirt withheld contributions from his pay during both of these years, 1994 and 1996.  Doc. No. 1-2 at 19.  He maintains that he was paid $1000.00 per week from 1996 to 2000; however, he has not established with supporting evidence that his 1996 wages were covered under Social Security and that FICA taxes were paid.  He has

---

[3]There are 39 years from the year 1961 to the year 2000.

produced his income tax forms for the year 2001, but his 2001 earnings have no bearing on his qualification for Social Security benefits.

### B.     THE ANALYSIS

#### 1.  The 20/40 Rule

A claimant must satisfy the Act's coverage requirement to qualify for disability insurance benefits. 42 U.S.C. § 423. "A quarter of coverage (QC) is the basic unit of social security coverage used in determining a worker's insured status." 20 C.F.R. § 404.140(a). Section 423 provides:

> An individual shall be insured for disability insurance benefits in any month if (A) he would have been a fully insured individual. . . had he attained the age 62 and filed application for benefits under section 402(a) of this title on the first day of such month, and (B)(i) he had not less than 20 quarters of coverage during the 40-quarter period which ends with the quarter in which such month occurred. . .

42 U.S.C. § 423(c)(1). Pursuant to 42 U.S.C. Section 414(a), a fully insured individual means:

> an individual who had not less than (1) one quarter of coverage (whenever acquired) for each calendar year elapsing after 1950 (or, if later, the year in which he attained age 21) and before the year in which he died or (if earlier) the year in which he attained age 62, except that in no case shall an individual be a fully insured individual unless he has at least 6 quarters of coverage. . . not counting as an elapsed year. . .any year any part of which was included in a period of disability. . .

42 U.S.C. § 414. Steeprow was born in 1939 and became twenty-one years old in 1960. Steeprow became disable on October 3, 2000. His period of disability would have begun in November of 2000. Therefore, Steeprow needed thirty-nine quarters (2000-1961) in order to be fully insured for disability insurance benefits. Steeprow qualified as fully insured because he had a total of one hundred and three quarters of coverage. *See* Doc. No. 1-3 at 11.

However, section (B)(i) of 42 U.S.C. Section 423 mandates that Steeprow have not less than twenty quarters of coverage during the forty quarter period which ends with the quarter in which the

disability occurred (October 2000). The forty quarter period began in January of 1991 and ended in December of 2000. Steeprow's record of earnings reflects he only had eighteen quarters of coverage.[4] He acquired full credit (4 credits) in the years 1997 through 2000; however, he only received two credits for 1995 and zero credits for 1982 through 1994[5] and 1996. Afer repeated requests, Steeprow failed to provide any evidence as to his earnings for these non-credited years. Had he been able to establish that his $1,000.00 per week earnings he received while employed by Hirt were covered under Social Security, Steeprow would most likely qualify under the 20/40 rule. However, he has not verified that the FICA that taxes were paid.

### 2. The year 2001

Steeprow continues to submit and place evidentiary value on his W-2 Forms for the year 2001. He asserts his earnings for that year are relevant to ascertaining further credits. However, Steeprow has consistently maintained that his disability began as of October 3, 2000. Therefore, the forty quarter period began in January of 1991 and ended in December of 2000, the same year in which the disability began. *See supra* 42 U.S.C. § 423(B)(i) ("he had not less than 20 quarters of coverage during the 40-quarter period which ends with the quarter in which such month occurred"). Consequently, the year 2001 is not relevant for consideration.

### V. **CONCLUSION**

For the reasons stated above, the Court **RECOMMENDS** that the decision of the Commissioner be **AFFIRMED**.

---

[4] *See* Doc. No. 1-3 at 10 for a full account of Steeprow's recorded earnings. There appears to be a clerical error for the years 1982-1994 as Steeprow had zero earnings, thus he should have received zero credits.

[5] Note the clerical error for years 1982-1994.

Failure to file written objections to the proposed findings and recommendations in this report pursuant to 28 U.S.C. § 636 (b)(1) and Local Rule 6.02 within ten days of the date of its filing shall bar an aggrieved party from a *de novo* determination by the district court of issues covered in the report, and shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on December 11, 2007.

*Donald P. Dietrich*
DONALD P. DIETRICH
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this Order to
All Counsel of Record and *Pro Se* Litigants,
and to:

The Honorable Patricia C. Fawsett
United States Chief District Judge

Mary Ann Sloan
Office of the General Counsel
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia        30303-8920

Susan Roark Waldron
Assistant United States Attorney
400 N. Tampa St., Suite 3200
Tampa, FL        33602

The Honorable Franklin D. Holder
Administrative Law Judge
c/o Social Security Administration
Office of Hearings and Appeals
Suite 300, Glenridge Building
3505 Lake Lynda Drive
Orlando, FL        32817